[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11061
Non-Argument Calendar

_____

D. C. Docket No. 05-00078-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXANDER LASHAWN BOHANNON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(October 31, 2006)

Before DUBINA, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Alexander Lashawn Bohannon appeals his convictions and life

sentence for carjacking, in violation of 18 U.S.C. § 2119, and discharging a firearm during the course of a violent felony, in violation of 18 U.S.C. § 924(c). Bohannon argues that the district court abused its discretion by denying his motions to continue trial and stay sentencing pending the resolution of separate, capital charges. He further argues that his life sentence was unreasonable.

"Whether to grant a continuance is a matter committed to the sound discretion of the trial court, and its decision will not be disturbed unless there is a clear showing of abuse of discretion." *United States v. Knowles*, 66 F.3d 1146, 1160 (11th Cir. 1995). It is the defendant's burden to demonstrate that "the denial was an abuse of discretion and that it produced specific substantial prejudice." *United States v. Smith*, 757 F.2d 1161, 1166 (11th Cir. 1985). The denial of a motion to continue sentencing also is reviewed for an abuse of discretion. *United States v. Lee*, 427 F.3d 881, 896 (2005), *cert. denied*, *Wyman v. United States*, 126 S. Ct. 1447 (2006).

"In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." *United States v. Martin*, 455 F.3d 1227, 1237 (11th Cir. 2006) (internal quotations and citation omitted). The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness

2

of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

18 U.S.C. § 3553(a).  We have held that the district court need not state on the record that it has explicitly considered each factor and need not discuss each factor. *United States  v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).  We have also held, however, that, "when imposing a sentence falling far outside of the Guidelines range, based on the § 3553(a) factors, '[a]n extraordinary reduction must be supported by extraordinary circumstances.'" *United States v. McVay*, 447 F.3d 1348, 1357 (11th Cir. 2006) (quoting *United States v. Dalton*, 404 F.3d 1029, 1033 (8th Cir. 2005)).

Because Bohannon did not demonstrate that the denial of his motions to continue trial or stay sentencing caused him substantial prejudice, we conclude that the district court did not abuse its discretion in denying his motions. Moreover, because Bohannon's life sentence was based on the extraordinarily brutal nature of his crime and the extent of his criminal history, we conclude that the sentence was reasonable.

**AFFIRMED.**

3